The counsel for the plaintiff in error, presented a petition for a re-hearing.

The counsel for the plaintiff in error solicits a reconsideration of the opinion of the court. The court decide the defence set up in the first plea, is available at law, but the plea is notissuable, and has not been kind enough to give us a better forro. The issue could not be formed on it; as to the plea, itis herewith copied, viz: ilThis day came Mark Lillard, by his attorney and defends the wrong and injury, when and, &c. and says, the plaintiff to have and maintain his action, for part and parcel of said debts, in the declaration, ought not, because he says that the’said writing in the declaration mentioned, was made by the said Lillard, on the 3rd day of J une, 1825, at the court house and circuit aforesaid, to secure the repayment of a certain sum of money previously lent to Thomas Lillard, to-wit: the sutp of seven hundred and fifty dollars, on the-day of October, 1817, at the court house and circuit aforesaid, and it was there corruptly and against the forms of the statute in that case made and provided, agreed by and between said Lillard and Field, that said Field should lend and advance unto the said Thomas Lillard, the sum of seven hundred and fifty dollars, in lawful money; and the said Lillard should, for the forbearance and giving day of payment thereof, to said Lillard, until the 3rd day of June, 1825, then next ensuing* and said Lillard, for the loan and giving day of payment thereof, as aforesaid, and for the time, should give and pay to the said Fields, the sum of seventy-five dollars per annum for interest; and for securing said sum so lent and interest, promissory notes were executed, and in pursuance of said corrupt agreement, op the 3rd day of June, 1825, the parties, to-wit: said Fields and Lillard, came to an adjustment of said principal and interest, usuriously agreed on. The said Fields received the sum of three hundred dollars usurious interest, and said Thomas Lillard and Mark Lil? lard executed their note in the declaration mentioned, for $908 13 cents, including therein as usurious interest, the sum of one hundred and fifty-eight dollars thirteen cents,for usurious interest, at the rate aforesaid; and the defendant in-fact says, that the amounts so included in said note and usurious interest received* *279 átnoünt to $458 13 over and above the sum of seven hundred and fifty dollars loaned, and the said Lillard avers that the said sum of. 10 per cent, interest so reserved and received aforesaid, exceeds the rate of six pounds for the forbearing and giving day of payment, of one hundred pounds for one year, and contrary to the form of the statute in such cases made and provided. By means whereof, and by force of said statute; said writing is void in law, for all sums except the sums due as loaned aforesaid, with interest, after deducting the sums paid and reserved as usurious interest; Wherefore he prays judgment whether he ought'to be charged beyond said' sums. This he is ready to verify, wherefore he prays judgment, &c.
Petition for a. re-hearing.
TRIPLETT, p. q.”
Your honors say no precise sum for usury, is shown, we will ask the court if there is any words that could be used stronger, than to say “that one hundred and fifty-eight dollars and thirteen cents, was included in said note as usury also showing that three hundred dollars had been paid as usury; which, on any calculation, would amount to the sum averred, seventy-five dollars per annum, for the forbearance of $750 for one yean The averment in the plea, is express and positive, that ten per cent, per annum was reserved as usurious interest, and that three hundred dollars had been paid and the remainder included in the note sued on. Previous to the statute, approved, 6th February, 1819, the whole note was void, and in equity the usurious and legal interest was always relieved against; See Digest, 1225; Cave against Davis, not reported in your own court. The case referred to in 18 Johnson, 28, is notin town; its principles and reasoning I cannot controvert; whether it was a plea of usury or not, I do not know. On reference to 2 Churches Digest, 1079 of the decision's of New York, I find the following note, “where a plea, at its commencement; purports to be an answer to the whole, but answers only a part of it, it is bad. Hullet against Holmes, 18 Johnson’s Rep. 28. If this is the case relied on, it has no bearing on this case, as this plea only professes to answer to part and parcel of said demand, and the court could have rendered judgment for the amount due, without the intervention of a jury. A small calculation would *280 have produced the true result, $158 13 from the amount of the note, would have produced the true amount, as the plea shows $300 as usury had been paid, which was more than covered, the legal interest, due on sa^ original loan. A reconsideration is respectfully solicited.
ve-heáriníf *
Upon which the court made the following correction of the opinion delivered, but overruled the petition.
We had transposed the order of the pleas, and, therefore, miscalled the second plea the first, and the first the second; consequently, we were mistaken as to the precise import of the first plea.
But our objections to the first plea aré not removed; we are still unable to determine whether it is a plea of $458, or of only $158.
And besides, the note given in 1825, was virtually payment and a reloan. See De Wolf vs. Johnson, 10 Wheaton, 393; no previous payment of usury can éontámihate it.
Here the $300 paid, discharged the usurious four per cent, and more, and it does not appear that any usury infects the note. It is not for as much as principal and six per cent.